IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOE TALLEY, JR., | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:18-cv-00699 |
| AUSTIN MCCURRY and CITY OF GALLATIN, TENNESSEE, | ) JUDGE CAMPBELL<br>) MAGISTRATE JUDGE FRENSLEY |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court is Defendant City of Gallatin's Motion to Dismiss (Doc. No. 24). Plaintiff filed a Response in Opposition (Doc. No 27) and Defendant filed a Reply (Doc. No. 28). For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff lives in Sumner County, Tennessee. (Doc. No. 1 ¶ 3). Defendant Austin McCurry is a police officer for the City of Gallatin. (*Id.* ¶ 4). The City of Gallatin, Tennessee is in charge of the operation of the Gallatin Tennessee Police Department. (*Id.* ¶ 5).

On or about July 28, 2017, Officer McCurry initiated a traffic stop allegedly because Plaintiff had been speeding. (*Id.* ¶ 6). During the course of the traffic stop, Officer McCurry used a taser device to deliver an electric shock to Plaintiff in order to effect the arrest of Plaintiff. (*Id.* ¶ 9). Upon being shocked by the taser device, Plaintiff fell to the ground. (*Id.* ¶ 10). Officer McCurry then mounted Plaintiff and while sitting upon his back began to strike Plaintiff and strike Plaintiff's head upon the ground causing severe damage to the facial structure of Plaintiff and destroying Plaintiff's right eye such that it had to be surgically removed. (*Id.* ¶ 11).

Plaintiff filed his Complaint on July 27, 2018, asserting a claim under 42 U.S.C. § 1983 against Officer McCurry and the City of Gallatin for depriving Plaintiff of his right to be free of excessive force pursuant to the Fourteenth Amendment to the United States Constitution. (*Id*. ¶ 20). On August 15, 2019, the City of Gallatin moved to dismiss the Complaint for failure to state a claim. (Doc. No. 24).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III.     ANALYSIS

Section 1983 creates a federal cause of action against state or local officials who deprive a person of a federal right while acting under the color of state law. 42 U.S.C. § 1983. While a municipality is considered a "state actor" subject to suit under 42 U.S.C. § 1983, a municipality may only be held liable for its own actions in depriving a plaintiff of her federal rights. *Monell v.*

*N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipality will not be liable simply because it employs the alleged unlawful actor. *See Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under the theory of *respondeat superior*."). Therefore, "a municipality is liable under § 1983 only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate the plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 692). Thus, to state a municipal liability claim, a plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013); *accord Boulton v. Swanson*, 795 F.3d 526, 531 (6th Cir. 2015).

In the present case, the Complaint alleges Officer McCurry used excessive force in detaining Plaintiff for a traffic stop for speeding. That Officer McCurry was acting under the color of state law is not in dispute. Rather, the City of Gallatin argues the Complaint fails to state a claim against it because it fails to allege that the alleged constitutional violation occurred because of any policy or custom of the City or facts to suggest the existence of an illegal municipal policy or custom. (Doc. No. 24-1 at 3). The allegations in the Complaint pertaining to the City of Gallatin are as follows:

> 5. The City of Gallatin, Tennessee is a governmental entity located in Sumner County, Tennessee and is in charge of the operation of the Gallatin, Tennessee Police Department.
>
> 23. As a direct and proximate result of the intentional, willful and/or recklessly indifferent acts of the Defendants, Plaintiff

> has suffered and sustained severe mental and physical pain and suffering and injury.
>
> 28. As a direct and proximate result of the violation of his constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.
>
> 29. The actions and omissions of the Defendants complained of herein were unlawful, conscience shocking, and unconstitutional. Such actions were performed maliciously, recklessly, fraudulently, sadistically, intentionally, willfully, wantonly, and in such a manner as to entitle the Plaintiff to an award of punitive damages.

(Doc. No. 1 ¶¶ 5, 23, 28-29). As indicated above, a municipality cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality and the alleged constitutional violation. *Monell*, 436 U.S. 658, 694. Here, the Complaint fails to identify any policy or custom on the part of the City which authorized the Officer McCurry's actions. The Complaint also fails to allege any facts showing that a custom, policy, or practice of the City was the moving force behind the alleged constitutional violation. Accordingly, the Court finds the Complaint fails to state a claim for municipal liability under Section 1983 against the City of Gallatin.

In Response to the City's motion to dismiss, Plaintiff asserts that there may be "a custom of tolerance or acquiescence of federal rights violations" within the City of Gallatin Police Department, (*see* Doc. No. 27 at 2-3 (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)),[1] and requests leave to amend the Complaint "to reflect in more detail the effect that the

---

[1] Plaintiff filed documents produced in discovery with his Response. (*See* Doc. No. 27 at 6-18). In considering a Rule 12(b)(6) motion, the Court may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to Defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008). None of the documents filed with Plaintiff's Response are referred to in the Complaint and the Court finds that a ruling upon the City of Gallatin's motion does not require consideration of the documents. Accordingly, the Court declines to

policies of City of Gallatin [had] upon Officer McCurry's use of excessive force upon the Plaintiff." (Doc. No. 27 at 3).[2]

Demonstrating "the existence of a custom of tolerance or acquiescence of federal rights violations" is one of the ways a plaintiff can make a showing of an illegal policy or custom for purposes of a municipal liability claim under Section 1983. *See Burgess*, 735 F.3d at 478. However, Plaintiff's Complaint, even with the proposed amendments, does not include factual allegations to support this theory. To hold the City of Gallatin liable under a theory where a policy of tolerating federal rights violations is unwritten but nevertheless entrenched the plaintiff must show:

> (1) the existence of a clear and persistent pattern of illegal activity;
>
> (2) notice or constructive notice on the part of the defendant;
>
> (3) the defendant's tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and
>
> (4) that the defendant's custom was the "moving force" or direct causal link in the constitutional deprivation.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429, 433 (6th Cir. 2005); *Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 508 (6th Cir. 1996). Plaintiff does not allege facts supporting a "clear and persistent pattern" of the City of Gallatin condoning the use of excessive force against the public by its officers because Plaintiff does not allege facts

---

consider the documents filed with Plaintiff's Response, (*see* Doc. No. 27 at 6-18), for the purposes of the pending motion to dismiss.

[2] Counsel for Plaintiff represented that he would file a motion to amend to the Complaint "as soon as practicable." (Doc. No. 27 at 3). As of the entry of this Order, Plaintiff has yet to file a motion to amend the complaint. The Court also notes that the deadline for filing a motion to amend was February 1, 2019, (*see* Initial Case Management Order, Doc. No. 17 at Section H), and Plaintiff's request for leave to amend was made through his Response filed on September 5, 2019.

indicating any other incidents of Gallatin police officers using excessive force. *See Thomas*, 398 F.3d at 433 (holding that a policy or custom cannot be established solely by a single instance of an employee's alleged misconduct).

Plaintiff's proposed amendments to the complaint regarding "the effect that the policies of City of Gallatin [had] upon Officer McCurry's use of excessive force upon the Plaintiff" are not enough to state a "custom" theory of municipal liability. *See Bickerstaff v. Lucarelli*, 830 F.3d 388, 402 (6th Cir. 2016) ("With no factual allegations showing a formal policy or any prior incidents to support the City of Cleveland's adoption of such an informal practice or custom, Bickerstaff's Monell municipal-liability claim accordingly fails."). Because Plaintiff's Section 1983 claim against the City of Gallatin could not withstand a motion to dismiss even with the proposed amendments, amending the complaint to add such allegations would be futile. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Therefore, Plaintiff's request for leave to amend is denied. *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520-23 (6th Cir. 2010) (affirming district court's denial of leave to amend the complaint where a grant of leave to amend would be futile).

For all of the foregoing reasons, the City of Gallatin's Motion to Dismiss (Doc No. 24) is **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE