# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOE TALLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-00699 |
| ) | |
| AUSTIN MCCURRY, ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE FRENSLEY |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is Defendant Austin McCurry's Motion to Dismiss. (Doc. No. 40). Plaintiff filed a Response in Opposition (Doc. No 42) and Defendant filed a Reply (Doc. No. 43). For the reasons discussed below, Defendant's Motion to Dismiss will be **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Austin McCurry ("Officer McCurry") is a police officer for the City of Gallatin. (Doc. No. 1 ¶ 4). On or about July 28, 2017, Officer McCurry initiated a traffic stop allegedly because Plaintiff had been speeding. (*Id*. ¶ 6). During the course of the traffic stop, Officer McCurry used a taser device to deliver an electric shock to Plaintiff in order to effect the arrest of Plaintiff. (*Id*. ¶ 9). Upon being shocked by the taser device, Plaintiff fell to the ground. (*Id*. ¶ 10). Officer McCurry then mounted Plaintiff and while sitting on his back began to strike Plaintiff and strike Plaintiff's head on the ground, causing severe damage to Plaintiff's facial structure and damaging his right eye such that it had to be surgically removed. (*Id*. ¶ 11).

On July 27, 2018, Plaintiff filed a Complaint against Officer McCurry and the City of Gallatin under 42 U.S.C. § 1983 for depriving Plaintiff of his right to be free of excessive force pursuant to the Fourteenth Amendment. (*Id*. ¶ 20).[1] On June 22, 2020, Officer McCurry moved to dismiss the Complaint for failure to state a claim. (Doc. No. 40).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III. ANALYSIS

Section 1983 creates a federal cause of action against state or local officials who deprive a person of a federal right while acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a Plaintiff must allege two elements: (1) a deprivation of rights

---

[1] The City of Gallatin was dismissed by Order entered on April 13, 2020. (Doc. No. 35).

secured by the Constitution or federal law, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F. 3d 592, 595 (6th Cir. 2014).

Through his pending motion to dismiss, Officer McCurry argues that "the Complaint fails to state a claim against him because the allegations comprising the sole excessive force claim brought under the Fourteenth Amendment do not invoke Fourteenth Amendment protections, where the allegations occurred during Plaintiff's arrest at the scene of traffic stop." (Doc. No. 40). In his Response, Plaintiff asserts that the Complaint's citations to the Fourteenth Amendment are present to illustrate the Court's jurisdiction over this matter because the Fourteenth Amendment makes the constitutional protections against excessive force applicable to the states and thereby local state actors. (Doc. No. 42 at 3); *see Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 940 (M.D. Tenn. 2012) ("Plaintiff invokes the Fourteenth Amendment because it applies Fourth Amendment protections to the states not because Plaintiff is seeking to vindicate alleged violations of substantive Fourteenth Amendment rights.") (internal citations omitted). Plaintiff contends that the Complaint put Officer McCurry on notice of the types of constitutional rights at issue by invoking the Fourth Amendment standard for examining excessive force as his threshold issue under causation and alleging multiple times that the force used upon Plaintiff was "objectively unreasonable." (Doc. No. 42 at 4-5 (citing Doc. No. 1 ¶¶ 26, 27); *see, e.g.*, *Bennett v. Krakowski*, 671 F.3d 553, 561 (6th Cir. 2011) ("All claims that police officers used excessive force in the course of an arrest should be analyzed under the Fourth Amendment and its 'objective reasonableness' standard." (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)).

As noted by Plaintiff and undisputed by Officer McCurry, the Complaint alleges that Officer McCurry applied objectively unreasonable, unnecessary, and excessive use of force against Plaintiff in the course of an arrest thereby depriving him of his constitutional right to be free of

excessive force while acting under the color of state law. Construing the Complaint in a light most favorable to Plaintiff, the Court finds the allegations in the Complaint state a claim against Officer McCurry under 42 U.S.C. § 1983. There is no mystery as to which constitutional rights Plaintiff claims Officer McCurry violated. Plaintiff has provided Officer McCurry the notice he is entitled to under Rule 8(a), and the fact that the Complaint does not expressly invoke the Fourth Amendment does not require dismissal. Accordingly, Defendant's motion to dismiss (Doc. No. 40) will be **DENIED**.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE